UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WARREN C. THOMAS,  :
                    :
        Plaintiff   :  No. 4:CV-09-2320
                    :
    v.              :  (Judge Nealon)
                    :
COMMONWEALTH OF     :
PENNSYLVANIA,       :
et al.,             :
                    :
        Defendants  :

**FILED**
**SCRANTON**

SEP 0 9 2013

PER _____ *M̶ ̶b̶ ̶f̶*
**DEPUTY CLERK**

## MEMORANDUM

Presently before the Court is Defendant's motion for sanctions for Plaintiff's failure to comply with Defendant's discovery requests. (Doc. 123). For the reasons set forth below, the Court will grant Defendant's motion, and the action will be dismissed with prejudice.

## Background

Warren C. Thomas, an inmate presently confined at the Mahanoy State Correctional Institution ("SCI-Mahanoy"), Frackville, Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1, complaint). The named Defendants are the Pennsylvania Board of Probation and Parole; John Kerestes,

SCI-Mahanoy superintendent; Richard Spaide, SCI-Mahanoy unit manager; Michelle McGee, a psychologist employed at SCI-Mahanoy; Thomas M. Derfler, former SCI-Mahanoy Major of the Guard; Joseph Gober, a parole supervisor employed by the Parole Board; and Gloria Burda, a parole agent employed by the Parole Board. Id.

Plaintiff claims that his unit manager placed false information in his parole file in retaliation for grievances Plaintiff made against the unit manager. Id. He also claims that the remaining Defendants failed to remove the false information after being so informed and that the Pennsylvania Board of Probation and Parole conspired to deny Plaintiff parole because he complained about the false information. Id.

By Memorandum and Order dated August 19, 2010, the Defendants' motion to dismiss Plaintiff's due process claim[1] against Defendants John Kerestes, Joseph Gober, Gloria Burda, Thomas M. Derfler and Michelle L. McGee, was granted. (Doc. 27, Memorandum and Order). These Defendants were dismissed from the

---

[1]Defendants did not seek dismissal of Plaintiff's retaliation claim against defendant, Richard Spaide. Plaintiff makes no retaliation claims against the other individual defendants.

2

action and Defendant Spaide was directed to file an answer with respect to Plaintiff's remaining claim of retaliation. Id. On September 8, 2010, Defendant Spaide filed an answer to the complaint. (Doc. 32).

On December 12, 2011, Defendant Spaide served a set of six interrogatories and a single document request on Plaintiff. (Doc. 123, Ex. A, First Set of Interrogatories and Request for Production of Documents). The interrogatories sought information about the identity of the allegedly false documents referred to in the complaint, and the grievance or grievances which Plaintiff contends motivated Defendant Spaide to place false information in the parole file. Id. The single request for production of documents sought production of all documents identified in Plaintiff's answers to interrogatories. Id.

On or about January 6, 2012, Plaintiff served answers to Defendant's discovery requests. (Doc. 123, Ex. B, Answers). Plaintiff also served with the answer a document entitled "Brief in Support of First Set of Interrogatories." (Doc. 123, Ex. C, Brief).

On January 24, 2012, Defendant Spaide moved to compel complete answers to the interrogatories and responses to the document request. (Doc. 101). On September 20, 2012, this Court granted the motion to compel, finding that Plaintiff

had not properly answered the interrogatories and did not provide documents responsive to the document request. (See Doc. 121). Accordingly, Plaintiff was directed to provide full and complete answers to Defendant's Interrogatories and Request for Production of Documents, on or before October 15, 2012. Id.

On October 15, 2012, Plaintiff served Defendant with his responses to the interrogatories and document request. (Doc. 123, Ex. D, responses).

On October 30, 2012, based on Plaintiff's deficient responses, Defendant filed a motion for sanctions. (Doc. 123). In support of his motion, Defendant Spaide states that "although Plaintiff provided separate answers for the interrogatories and attached a single document to his response, the initial review response to his grievance referred to in his answer to Interrogatory No. 1, the answers were not fully comprehensible, complete or verified." (Doc. 129, Brief in support). Specifically, Defendant argues that the responses are incomplete or unclear as follows:

> a. Interrogatory No. 2 asks, "In reference to paragraph 1 of Plaintiff's Complaint, state the dates, by month, day and year, that Richard Spaide gave each of the documents identified in your answer to Interrogatory No. 1 to the Pennsylvania Board of Probation and Parole." In Plaintiff's answer to Interrogatory No. 1, he identifies a single document, an inmate grievance response, dated January 27, 2009, which he also produced. Yet in his answer to Interrogatory No. 2, he states that that document was submitted "each year, every year" from 2005 through 2009. This is not possible since the document is dated in

January 2009. In addition, the interrogatory asks for the month, date and year that defendant Spaide gave any of the false documents to the parole board, and Plaintiff's answer fails to specify any dates.

b. Interrogatory No. 3 requests Plaintiff to identify all grievances and requests slips submitted by plaintiff which caused defendant Spaide to retaliate against him. The interrogatory asks that Plaintiff identify the grievances and requests slips by name, date, author, subject matter and institutional identifying number. Plaintiff merely responds that he has filed over 300 request-to-staff forms, two or three times a month from 2005 to 2009. There are several problems with this answer. First, he does not state which of the request forms caused defendant Spaide to retaliate against him. Secondly, he does not specify the documents by date or subject matter as requested. Finally, Plaintiff's answer is sufficiently inconsistent to suggest misrepresentation. He states that he has filed over 300 requests (sic) slips, and then he states that he has filed them "two to three" times a month over a period of five years. The figures provided in the second statement yield a number equal to about half of his alleged 300 documents. Both statements cannot be true.

c. Interrogatory No. 4 asks Plaintiff to identify all documents by which Plaintiff informed defendant Spaide that certain documents were "created and false." Again, the interrogatory asks that the documents be identified by name, date, author, subject matter and institutional identification number. Plaintiff responds that he informed Defendant Spaide by DC-135A forms (Inmate Request to Staff), and that he submitted two hundred such requests from 2005 to 2009. Again, there are multiple problems with this response. First, plaintiff does not identify these requests (sic) slips by date or subject matter. In addition, there appears to be some disingenuousness in this answer as well. If the false document was not placed in Plaintiff's parole file until January 27, 2009, it is unclear how Plaintiff could have been complaining about it to Defendant Spaide in the years 2005 to 2008.

d. Interrogatory No. 5 requests Plaintiff to state the dates, by month, day and year, that he informed Richard Spaide that the documents referred to in paragraph 2 of his complaint were created and false. Plaintiff does not appear to answer this interrogatory at all.

e. Defendant also requested that Plaintiff produce all documents referred to in his answer. While Plaintiff produce(d) (sic) a single document, other documents referred to in his answers to Interrogatories 3 and 4 were not produced.

f. Finally, Plaintiff has not verified his answers under oath as required by FED.R.CIV.P. 33 (b) (3).

(See Doc. 129 at 4-7).

On October 30, 2012, based on Plaintiff's deficient responses, Defendant filed a motion for sanctions. (Doc. 123). In response to Defendant's motion for sanctions, Plaintiff filed a "motion for settlement", in which he requests that "Defendant Richard Spaide produce (1) flat screen television from the property room at SCI-Mahanoy that inmates donate to the property officer" to settle this matter. (Doc. 130, motion for settlement). No further opposition, or filings, have been made by Plaintiff since the filing of his motion for settlement.

**Discussion**

FED.R.CIV.P. 37 provides the court with the authority to dismiss a case for failure to comply with a discovery order. FED.R.CIV.P. 37(b), (d). In addition,

6

pursuant to FED.R.CIV.P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court...." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 (3d Cir.1995).

Plaintiff's failure to prosecute this action—specifically, to comply with his discovery obligations and this Court's September 20, 2012 Order—requires the Court to determine appropriate sanctions. In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir.1984), the United States Court of Appeals for the Third Circuit set forth six factors which must be considered in determining whether to dismiss a plaintiff's action. Poulis, 747 F.2d at 868. The Poulis factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Id. at 868. The Court is required to balance each factor in its analysis. Id. However, no single factor is dispositive. Briscoe v. Klaus, 538 F.3d 252, 263

(3d Cir. 2008). Each factor need not be satisfied for the court to dismiss an action. Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003).

### 1. The Extent of the Party's Personal Responsibility

First, as a pro se litigant, Plaintiff is solely responsible for prosecuting his claim. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 920 (3d Cir. 1992). Plaintiff has demonstrated a persistent unwillingness to prosecute this action. The docket for this case indicates that discovery has been languishing in this case since this Court's November 3, 2011 scheduling order, requiring discovery to be completed by December 15, 2011 and dispositive motions to be filed by January 5, 2012. Since that time, Plaintiff has failed to properly respond to any of Defendant's discovery requests. Further, and most troubling, Plaintiff did not comply with this Court's September 20, 2012 Order directing him to provide responses to Defendant's outstanding written discovery requests no later than October 15, 2012. In short, Plaintiff, who is pro se, clearly bears personal responsibility for his failure to properly prosecute his claims in this case. Accordingly, such conduct weighs in favor of dismissal.

### 2. Prejudice to the Adversary

The second <u>Poulis</u> factor is prejudice to the adversary. Examples of prejudice are "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." <u>Scarborough v. Eubanks</u>, 747 F.2d 871, 876 (3d Cir. 1984). But prejudice for purposes of the <u>Poulis</u> analysis is not limited to irremediable harm. <u>Ware</u>, 322 F.3d at 222. Rather, "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." <u>Id.</u> The failure of the Plaintiff to cooperate with discovery and comply with the Court's order compelling discovery has prejudiced the Defendant in his trial preparations. Without the disclosure of items ordered by the Court, the Defendant has not been able to prepare for trial. Additionally, the Defendant incurred costs associated with preparing and filing motions to compel discovery and for sanctions. Thus, the Plaintiff's conduct has prejudiced the Defendant.

### 3. A History of Dilatoriness

While Plaintiff has been litigious in this matter in filing motions to further his own efforts, he has demonstrated a pattern of non-compliance in adequately responding to Defendant's discovery requests, as well as this Court's September 20, 2012 Order. Most recently, this is apparent from Plaintiff's failure to file a brief in

9

opposition to either Defendants' motion for sanctions or motion to stay dispositive motion deadline pending disposition of motion for sanctions. Instead of litigating the action on the merits of the motions filed by the Defendant, Plaintiff countered with an offer of settlement. Thus, the Court concludes that Plaintiff's history of dilatoriness is amply documented, and therefore, that this factor weighs in favor of dismissal.

### 4. Whether the Attorney's Conduct was Willful or in Bad Faith

The fourth Poulis factor is not applicable here because Plaintiff is appearing as a pro se litigant. Yet, Plaintiff has not provided this Court with any justification for his pattern of nonfeasance in this case. Thus, the Court is satisfied that Plaintiff has made a willful decision not to litigate this civil action as demonstrated by his well-established pattern of refusing to engage in discovery and his failure to comply with an order of this Court.

### 5. Alternative Sanctions

The fifth Poulis factor is the effectiveness of alternate sanctions. Dismissal is a sanction of last resort. Poulis, supra, 747 F.2d at 869. It is incumbent upon the Court to explore the effectiveness of lesser sanctions before ordering dismissal. Id. at 868. The Plaintiff is proceeding pro se, and, so, it is questionable whether he

would be able to pay monetary sanctions. Therefore, monetary sanctions, including attorney's fees and costs, would not be an effective sanction. In this case, no sanction short of dismissal would be effective.

## 6. Meritoriousness of the Claim

The sixth Poulis factor is the meritoriousness of the claim or defense. In this inquiry, a claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery. Poulis, supra, 747 F.2d at 870. The Court is unable to determine the meritoriousness of Plaintiff's claim based upon the review of the pleadings thus far.

In sum, a balancing of the Poulis factors weighs in favor of dismissing this action with prejudice. Here, Plaintiff has failed both to prosecute this action and to comply with an order of this Court. As such, discovery cannot proceed, a final pretrial conference cannot be scheduled, and dispositive motions cannot be filed on the merits. Therefore, the sanction of dismissal is merited. A separate Order will be issued.

Dated: September 9, 2013

_____
**United States District Judge**

11